IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MATTHEW COLLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 1:26-CV-500 |
| | ) | |
| vs. | ) | |
| | ) | |
| SOLUTION TREE, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT
AND REQUEST FOR JURY TRIAL

Plaintiff, Matthew Colley, by counsel and as his Complaint for Damages and Declaratory

Judgment against Defendant, Solution Tree, Inc., states as follows:

PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Matthew Colley (hereinafter "Plaintiff" or "Colley") is a resident of Johnson

County who is currently employed by the Defendant.

2.  Defendant, Solution Tree, Inc. (hereinafter referred to as "Defendant" or "Solution

Tree") is an employer as defined by 29 U.S.C. § 626, *et. seq.*, 42 U.S.C. §12101, *et. seq.* and 42

U.S.C. §12101, et. sec. that conducts business in the State of Indiana.

3. Mr. Colley filed a Charge of Discrimination (Charge 470-2026-00842) with the Equal

Employment Opportunity Commission on or about November 20, 2025, alleging, *inter alia*, that

Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. §621, *et. sec.* and the

Americans with Disabilities Act, 42 U.S.C. §12101, *et. sec.*

4. The Equal Employment Opportunity Commission regulations issued to Mr. Colley a 90-day Right to Sue letter on January 22, 2026.

5. Mr. Colley invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and supplemental and declaratory jurisdiction pursuant to 28 U.S.C. §§ 1367 and 2201.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Colley is a fifty-five (55) year old male, in a protected class by way of his age, who suffers from a disability, namely anxiety and depression.

8. Plaintiff, at all relevant times, has been employed by Defendant as a data engineer who was awarded the 2024 Technical Innovator Award by the Defendant, and has met or exceeded the legitimate employment expectations of the Defendant.

9. In or around October 2024, Defendant hired a new CMO who excluded Colley from many of the employer's processes and procedures, gave other younger non-disabled employees credit for his work, and denied Colley monetary bonuses that he was entitled to.

10. Mr. Colley designed several AI programs during his tenure and expressed his desire to be a part of the newly created AI team in November 2025, but Defendant refused to consider Mr. Colley for the AI team and subsequently stripped Plaintiff of many of his job duties and assigned them to the much younger employees it hired to the AI team.

COUNT I
AGE DISCRIMINATION IN EMPLOYMENT ACT

11. Plaintiff incorporates by reference paragraphs one (1) through ten (10) above.

12. Plaintiff belongs to a protected class by way of his age.

13. Defendant created a hostile work environment, refused to consider Plaintiff for promotion, and effectively demoted Plaintiff because of his age.

14. Similarly situated younger employees were treated more favorably than Plaintiff as evidenced by the decision to replace him with much younger employees.

15. Defendant willfully violated the Age Discrimination in Employment Act due to the actions stated herein.

16. As a result of the foregoing, Plaintiff sustained damages including, but not limited to, lost wages, back pay, front pay, benefits, liquidated damages, costs and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, liquidated damages, back pay, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## Count II
## ADA Disability

17. Plaintiff incorporates by reference paragraphs one (1) through sixteen (16) above.

18. Plaintiff suffers from a disability, perceived disability and/or record of disability that affect one or more of his major life activities, namely anxiety and depression.

19. Plaintiff was/is able to perform all of the essential functions of his job with or without reasonable accommodation.

20. Plaintiff met all of Defendant's legitimate performance expectations.

21. Plaintiff was treated less favorably than similarly situated non-disabled employees who were considered and hired for the position that Plaintiff had sought, and who have been assigned Plaintiff's job duties.

22. Defendant discriminated against Plaintiff for his disability, perceived disability, and/or record of disability.

23. As a result of the foregoing, Colley suffered damages, including but not limited to, lost wages and benefits, compensatory damages, and attorney fees.

24. The Defendant's actions are in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et. sec.*

## COUNT III
### Declaratory Judgment of No Right to Access Plaintiff's Servers

25. Plaintiff has developed several software programs known as Prodigy, Gerard, and Bot Detection Application (collectively "Programs").

26. The Programs were conceived and developed by Plaintiff's on his own time and outside the scope of his employment.

27. The Programs reside and run on computer servers ("Servers") that are exclusively owned and controlled by Plaintiff.

28. During the time Plaintiff was amicably employed by Defendant, Plaintiff had been gratuitously allowing Defendant access to some of the Programs being run on Plaintiff's Servers.

29. Plaintiff has no obligation to continue to allow Defendant access to Plaintiff's Servers or the Programs being run thereon.

30. Under the circumstances described herein, Plaintiff fears that, once Plaintiff exercises his right to terminate Defendant's access to his Servers, and consequently the Programs being run thereon, Defendant will retaliate by making a claim for damages attributable to Defendant's inability to access the Programs on Plaintiff's Servers.

31. Such claims might be premised on state law, but they would be baseless.

32.     Accordingly, Plaintiff is entitled to a declaration that Plaintiff has no obligation to continue to allow Defendant access to Plaintiff's Servers and the Programs being run thereon.

WHEREFORE, Plaintiff prays for:

a)     Judgment against Defendant, an award for unpaid wages, compensatory damages, punitive damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief;

b)     A declaration that Plaintiff has no obligation to allow Defendant access to Plaintiff's computer servers or the Prodigy, Gerard, or Bot Detection Application computer programs residing and being run thereon.

Respectfully submitted,

PAUL CUMMINGS LAW. PC

/s/ Paul J. Cummings
Paul J. Cummings, #22713-41

BRADSHAW LAW LLC

/s/ John M. Bradshaw
John M. Bradshaw, #21556-49

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

PAUL CUMMINGS LAW, PC

/s/ Paul J. Cummings
Paul J. Cummings, #22713-41

PAUL CUMMINGS LAW, PC
3209 W. Smith Valley Road – Suite 139
Greenwood, Indiana 46142
(317) 884-5405
(463) 277-3049 Fax


BRADSHAW LAW LLC
5525 N. Meridian Street
Indianapolis, Indiana 46208
(317) 490-4852